IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| THOMAS WRIGHT, § | |
| § | |
| Plaintiff, § | |
| § | CASE NO. 6:09 CV 183 |
| vs. § | |
| § | |
| NATIONWIDE MUTUAL INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Nationwide Mutual Insurance Company's ("Nationwide") Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 7) and its Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c) (Docket No. 33). Having considered the parties' submissions and the applicable law, the Court **GRANTS** Nationwide's Motion to Dismiss as to Plaintiff's Deceptive Trade Practices Act ("DTPA") claim, **GRANTS** Nationwide's Motion for Summary Judgment as to Plaintiff's breach of contract claim, and **CARRIES** Nationwide's Motion for Summary Judgment as to Plaintiff's fraud and negligent misrepresentation claims. The Court **DENIES** Nationwide's Motion to Dismiss and Motion for Summary Judgment as to Plaintiff's other claims. Further, the Court **ORDERS** Nationwide to answer Plaintiff's Original Complaint by January 26, 2010.

**BACKGROUND**

On March 11, 2009, Plaintiff Thomas Wright ("Plaintiff" or "Wright") filed suit in the 87th Judicial District Court of Anderson County, Texas against Nationwide. Wright's Original Complaint alleges causes of action against Nationwide for violations of the Texas DTPA, Texas Business and

Commerce Code § 17.50, common law fraud, negligent misrepresentation, and breach of contract. On April 27, 2009, Nationwide removed the action to this Court on the grounds that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 (Docket No. 1). *See* 28 U.S.C. §§ 1332 & 1441(a).

Nationwide employed Wright as an insurance agent for four years. An at-will employment agreement governed Wright's and Nationwide's employment relationship. During Wright's employment, he was enrolled in the "FCA Program," a starter program for Nationwide's new agents. The FCA Program is a four-year program that provides a sheltered environment to help agents grow their sales. An agent may graduate out of the FCA Program and become an "Independent Contractor" agent when he reaches the target amount of sales from new or renewed insurance policies. Nationwide set Wright's target at $1.2 million. At the end of Wright's four year participation in the FCA Program, he had achieved approximately sixty percent of his $1.2 million target. In December 2009, Nationwide eliminated the FCA program and terminated a number of agents, including Wright.

## APPLICABLE LAW

*Motion to Dismiss Standard*

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate where a party fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). In ruling on a Rule 12(b)(6)

motion to dismiss, the court construes the complaint in favor of the plaintiff and all facts pleaded are taken to be true, no matter how improbable those facts. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Lowrey v. Texas A&M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). However, "in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id.*

*Motion for Summary Judgment Standard*

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). An issue of material fact is genuine if the evidence could lead a reasonable jury to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587 (1986). If the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must assert competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify

evidence in the record and articulate the manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Summary judgment must be granted if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

## ANALYSIS

*Nationwide's Motion to Dismiss*

Nationwide moves to dismiss Wright's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). From the pleadings, it cannot be said that Wright can prove no set of facts which would entitle him to relief under his claims of fraud, negligent misrepresentation, and breach of contract. *See Conley*, 355 U.S. at 45-46. Thus, the Court denies Nationwide's motion to dismiss as to those claims. However, because Wright is not a "consumer" for purposes of the DTPA, Wright's DTPA claim cannot stand and it is accordingly dismissed pursuant to 12(b)(6).

To pursue a DTPA cause of action, a plaintiff must be a "consumer." TEX. BUS. & COM. CODE § 17.50 (a) ("A consumer may maintain an action . . . ."); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). For purposes of the DTPA, a consumer is one "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4); *Arthur Anderson & Co. V. Perry Equip. Corp.*, 945 S.W.2d 812, 815 (Tex. 1997). To qualify as a consumer under the DTPA, a plaintiff must satisfy two requirements: (1) he must have sought or acquired the goods or services by purchase or lease; and (2) the goods or services must form the basis of the complaint. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 539 (Tex. 1981);

*Vinson & Elkins v. Moran*, 946 S.W.2d 381, 406–07 (Tex. App.—Houston [14th Dist.] 1997, writ dism'd by agr.). A plaintiff's consumer status accrues based on his relationship to a transaction, not based on a contractual relationship with the defendant. *Arthur Anderson,* 945 S.W.2d at 815; *Shelton Ins. Agency v. Saint Paul Mercury Ins. Co.*, 848 S.W.2d 739, 744 (Tex. App.—Corpus Christi 1993, writ denied) (citing *Kennedy v. Sale*, 689 S.W.2d 890, 893 (Tex. 1985)). Whether a plaintiff is a consumer under the DTPA is a question of law for the court to decide. *Wright v. Gundersen*, 956 S.W.2d 43, 47 (Tex. App.—Houston [14th Dist.] 1996, no writ).

Nationwide contends that Wright is not a consumer for purposes of the DTPA because his claims arise out of an insurance employment agreement and Texas courts have dismissed DTPA claims brought by insurance agents in situations nearly identical to this one. For example, in *Favor v. Hochheim Prairie Farm Mutual Insurance Association*, an insurance agent brought suit against the insurer after her employment was terminated. 939 S.W.2d 180, 182 (Tex. App.—San Antonio 1996, writ denied). The insurance agent in that case argued that she held consumer status because she sought or acquired goods or services from the insurer for her clients. *Id*. The court rejected the agent's argument holding that the insurance agent did not pay for, nor was she covered by, any of the policies she sold her clients, and thus, she was not a consumer simply by virtue of her agency relationship with the insurer. *Id*. The agent also argued that her own ownership of an insurance policy conferred consumer status on her allowing her to maintain her DTPA action. *Id*. at 183. The court rejected that argument because the agent's ownership of a policy was in no way related to the agent's suit against the insurer for alleged damages related to her terminated agency relationship. *Id*.

Wright attempts to distinguish *Favor*, but his arguments are unpersuasive. Wright argues

5

that unlike the situation in *Favor*, where the agent's claims "had nothing to do with the policy which she owned," the transaction between Wright and Nationwide "did in fact involve the purchase or lease of goods and/or services, including but not limited to training under the Financed Agent's Development Program, 'materials, records, computer equipment, and supplies' as expressly set forth in [the employment agreement]." Wright's Response to Motion to Dismiss, Docket No. 40, at 5–6. Wright's argument is unavailing for two reasons. First, Wright did not "purchase or lease" these goods or services. Although Wright argues that in exchange for his "purchase or lease" of these goods and service he gave Nationwide his "entire book of business" as consideration, Wright's employment agreement specifies that Wright was merely a bailee of the goods. It is clear that Wright contracted to be Nationwide's agent in selling insurance policies and was provided with training and materials to assist him in performing his duties as an agent. Second, these goods and services cited by Wright do not form the basis of the complaint. Even when viewing the pleadings in the light most favorable to Wright, the allegations in this case are simply unrelated to the goods and services identified by Wright. Furthermore, Wright's attempt to analogize this case to cases involving the purchase of franchises and distributorships is misplaced because the situation at hand is most closely akin to employment contracts.

Because Wright did not purchase or lease any goods or services that form the basis of the complaint, he does not qualify as a "consumer" under the DTPA. Accordingly, Nationwide's motion to dismiss Wright's DTPA claim is **GRANTED**.

*Nationwide's Motion for Summary Judgment*

Nationwide also moves for summary judgment on the claim asserted against it by Wright. As the Court has granted Nationwide's motion to dismiss with regards to Wright's DTPA claim, the

motion for summary judgment as to the DTPA claim is denied as moot. In addition, Nationwide's motion for summary judgment as to Wright's fraud and negligent misrepresentation claims will be carried and reevaluated in view of the evidence presented at trial. However, because Wright has no evidence of any contractual breach by Nationwide, Nationwide is entitled to summary judgment as to Wright's claim for breach of contract.

To succeed on a claim for breach of contract under Texas law, Wright must prove: (1) the existence of a valid contract; (2) that Wright performed under the contract; (3) breach of the contract by Nationwide; and (4) damages sustained by Wright as a result of the breach. *Sport Supply Group, Inc. v. Columbia Gas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). Nationwide contends that Wright has no evidence to establish any breach of contract on the part of Nationwide. Specifically, Nationwide argues that because the parties clearly had an at-will employment relationship and Nationwide provided Wright with the requisite notice of termination, Nationwide's termination of Wright cannot be a breach of the employment agreement. However, Wright contends that Nationwide has breached Paragraph 7 of the employment agreement, which provides:

> Requirements in addition to meeting the Agency Development Plan as they exist from time to time and as described in the policies published by the Companies must be met in order to stay on the program and/or be awarded an independent contractor agreement.

Wright argues that Paragraph 7 promises the award of an independent contractor agreement or at least contains a patent ambiguity that requires the use of parol evidence to properly interpret the language of the contract. Wright contends that at the time he entered into the transaction, Nationwide represented that by signing the subject agreement and complying with the terms and conditions of the program, Wright would be awarded an independent contractor agreement. Thus,

7

Wright alleges that Nationwide breached Paragraph 7 of Wright's employment agreement by not awarding Wright the independent contractor agreement. Nationwide counters that Paragraph 7 does not contain a patent ambiguity and "[n]o reasonable reading of this provision could transform this at-will agreement into something more." Defendant's Reply to MSJ, Docket No. 41, at 13. Nationwide further argues that even if Paragraph 7 did promise to award an independent contractor agreement if Wright met his program goals, it is undisputed that Wright would not have met the requirements to receive the independent contractor agreement. Indeed, at the end of the four years of Wright's participation in the FCA Program, he was forty percent short of his $1.2 million target set by Nationwide.

Nationwide need only show that there is no genuine issue of material fact as to whether Nationwide breached the employment agreement. "An unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports." *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008). "Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered." *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex.1996). The language of Paragraph 7 is clear and unambiguous and does not promise to Wright the award of an independent contractor agreement. Thus, no reasonable juror could find for Wright on the issue of breach. Accordingly, Nationwide's motion for summary judgment on Wright's breach of contract claim is **GRANTED**.

## CONCLUSION

Accordingly, the Court **GRANTS** Nationwide's Motion to Dismiss as to Wright's Deceptive

Trade Practices Act ("DTPA") claim, **GRANTS** Nationwide's Motion for Summary Judgment as to Wright's breach of contract claim, and **CARRIES** Nationwide's Motion for Summary Judgment as to Wright's fraud and negligent misrepresentation claims. The Court **DENIES** Nationwide's Motion to Dismiss and Motion for Summary Judgment as to Wright's other claims. Further, the Court **ORDERS** Nationwide to answer Wright's Original Complaint by January 26, 2010.

**So ORDERED and SIGNED this 19th day of January, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**